UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LESTER BERNARD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV413-131 |
| | ) |
| DR. ERIC FOGAM, Medical Director, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Lester Bernard Jones, a Coastal State Prison inmate, has filed an amended 42 U.S.C. § 1983 complaint against his prison doctor, Eric Fogam, M.D.[1] Doc. 9. In it he says (in raw, unedited form):

---

[1] Since he has completed his IFP paperwork, docs. 6 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he

> My leg was amputated after I was in a very serious car accident around November, 2007, when I had poor blood circulation, because I suffer with diabetic.
>
> Before I was arrested, I was fitted for a prosthetic leg, but after I was arrested and placed in County jail, they changed all my medication for mental illness and it cause me to gain a very large amount of weight and I was no longer able to ware the prosthetic I had, but the jail started the process to have me fitted for another leg, but I was transferred to Jackson State Prison, March, 2012. And that when I met with Dr. Fogam and he promise me that he was going to help me with all my medical problem and get me another prosthetic leg, but after I had been here for about 90 days, Dr. Fogam call me in and told me that my leg was amputed on the street, he was not going to help me get another and he don't care what type of medical problem I was having being in this wheelchair, he was not going to make the state pay for me to get another prosthetic because it's not their problem, and now I'm getting pressure soar on my bottom and I'm suffering with diabetic and they are very painful.

*Id.* at 5.

He wants a "preliminary injunction," presumably an order directing the prison to furnish him with a new prosthetic leg. *Id.* at 6. And, he seeks $25,000 "for pain and suffering and deliberate indifference." *Id.* In "aftermath" pages he weaves in some more facts but mostly legal conclusions (that Fogam violated his Eight Amendment rights). *Id.* at

---

pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

7-37. He includes his prison grievance paperwork wherein the warden concluded, on February 5, 2013: "Per upper level provider Inmate is receiving appropriate care: with no need for prosthetics." *Id.* at 36.

## I. ANALYSIS

Jones must show more than "malpractice" level medical treatment here:

> Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To prevail on a claim of deliberate indifference, a plaintiff must show (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted). Alternatively, a plaintiff can establish a serious medical need by showing that a delay in treatment worsened his condition. *Id.*

*Baez v. Rogers*, 2013 WL 3306082 at * 2 (11th Cir. July 2, 2013).

A mere difference of opinion regarding the preferred course of medical treatment does not constitute an Eighth Amendment violation. *Gillen v. D'Amico*, 237 F. App'x. 173, 174 (9th Cir. 2007) (difference of opinion between state inmate, whose leg had been amputated, and his

3

treating physicians as to whether he needed a new prosthetic leg and the preferred course of treatment did not constitute deliberate indifference to inmate's serious medical need in violation of the Eighth Amendment).

Jones says Fogam deliberately disregarded his serious medical need, doc. 9 at 20-22, because he is not furnishing him with a prosthetic leg on economic grounds. The state prison system, Fogam is alleged to have declared, doesn't want to pay for his prosthetic leg. So even though Fogam concedes Jones needs one, he is refusing to furnish it on economic grounds. (Jones is silent about whether Fogam is authorized to make the state expend its funds for that purpose.) *Id.* at 27, 29. Jones also alleges that he

> is being subjected to invidious discrimination and denied access to specialized and necessary medical procedures and treatment, based upon his being a[n] African American, and denied the same level of [medical care] afforded to those similarly situated "white" inmates with serious medical needs requiring specialized medical procedures and treatment.

*Id.* at 29 ¶ 19; *see also id.* at 27-28 (alleging that "similarly situated" white inmates receive specialized procedures and treatment denied to him); *id.* at 31 ¶ 23 (alleging "invidious discrimination" in Fogam's provision of medical care); *id.* at 32 ¶ 24 (Fogam is liable for "racially motivated deliberate indifference to plaintiff's serious medical needs, the intentional

infliction of emotional distress, the intentional infliction of cruel and unusual punishment, in violation of Plaintiff's U.S. Constitution Eighth and Fourteenth Amendment Rights . . . ."); *id.* at 32-23 ¶ 25 (suing Fogam in his "Individual and Official Capacities as State Officials [sic] . . . .").[2]

Nothing is preventing Jones from controlling his diet and getting out of his wheelchair with crutches, exercising, and otherwise mitigating the adverse conditions (overweight, diabetic, hemorrhoids, body sores, etc., *id.* at 24-26) that arise from overeating and under-activity. To the extent he claims Fogam has been negligent, his claim fails. *Stewart v. Bright*, 2013 WL 1896198 at * 3 (E.D. Cal. May 6, 2013) ("Plaintiff's claim that Defendant Fox failed to locate a prosthetic leg is, at most, a claim of negligence that is not cognizable under 42 U.S.C. § 1983.").

But Jones presents more than that, though the question whether he places it over the line into an actionable claim is reasonably close. Some courts have assumed that the need for a prosthetic leg constitutes a serious medical need but found no *Gamble* violation in jailers' provisioning process. *See Sisson v. Davis*, 2012 WL 368223 at * 3 (E.D. Va. Feb. 2, 2012) ("The record establishes that Nurse Badgett diligently

---

[2] The Eleventh Amendment bars his money damages claim against Fogam in his official capacity. *Gamble v. Florida Dept. of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *Baxter v. Adam*, 750 F.Supp.2d 1313, 1339-40 (N.D. Fla. 2010).

5

sought to procure a shoe for plaintiff's prosthetic leg."), *aff'd*, 475 F. App'x 910 (4th Cir. 2012); *Baxter*, 750 F.Supp.2d at 1336; *Powell v. United States*, 2009 WL 2590057 at * 4 (E.D. Ky. Aug. 19, 2009) (no *Gamble* claim where prison doctor cited "a myriad of reasons for this decision, including this prisoner's pre-incarceration records, plaintiff's prior lack of success with prosthetics and success with the wheelchair, his failure to self-care such that ulcers developed on his skin, plaintiff's successful use of the wheelchair at the prison over the years at FMC–Lexington, and his sudden interest in having the prosthetics again, as his release date got closer. Even then, however, he displayed no willingness to adhere to a weight loss plan and other regimens which the artificial limbs would require.").

Others remind that "'[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Stewart*, 2011 WL 4559179 at * 12 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); *but see id.*, 2011 WL 4559179 at * 14 ("However, the court concludes that a genuine issue of material fact exists with respect to

plaintiff's Eighth Amendment claim that defendants failed to provide him with crutches."), *adopted* 2011 WL 4571871 at * 3 (W.D. Mich. Sep. 30, 2011); *Baxter*, 750 F. Supp. at 1335 ("liability cannot be avoided simply by pointing out that some medical care was provided, however cursory or insufficient that care.").

Jones' *Gamble* claim, then, cannot be said to be frivolous on its face, and can use the benefit of an answer and further briefing. *See Newman v. Alabama*, 503 F.2d 1320, 1331-32 (5th Cir. 1974) (unavailability of eyeglasses and prosthetic devices, *inter alia,* in state penal system warranted findings of constitutional inadequacy under either the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment); *Thomas v. Penn. Dept. of Corr.*, 615 F.Supp.2d 411, 424-25 (W.D. Pa. 2009) (holding that prisoner's preference for one type of prosthesis did not render a different type of prosthesis an unreasonable accommodation so long as prosthesis provided to prisoner allowed him to access prison services).

To that end, some inmates' medical needs can cost. *See, e.g.*, *Schaub v. VonWald*, 638 F.2d 905, 916-17 (8th Cir. 2011) (director of county adult detention center was subjectively aware of paraplegic

7

prisoner's serious medical needs, as required to establish violation of Eighth Amendment, even if director did not play direct role in prisoner's care and treatment, where letter to director from prisoner's doctor, which was also forwarded to director by sentencing judge, explained that prisoner had pressure sores and that his condition required padded toilet seat, handicapped-accessible shower with padded shower bench, mechanism for elevating his legs in bed, and pressure-relieving mattress on his bed).

Jones' race-based, unequal treatment claim fits within case law captured in *M. B. Mushlin*, RIGHTS OF PRISONERS 5.8 (4th ed. 2013), which cites cases like *Washington v. Grace*, 445 F. App'x 611, 616-17 (3rd Cir. 2011) (black prisoner's allegations that his attempts to obtain medical treatment were ignored or delayed, while white prisoners received prompt treatment, stated claim for disparate treatment by prison officials) and *Champion v. Murphy*, 643 F.Supp.2d 1171, 1177 (C.D. Cal. 2009) (prison dentist did not discriminate against a black inmate on the basis of race, so as to violated the inmate's equal protection rights, despite the inmate's speculation that the dentist's allegedly improper dental care and alleged "smirks" and "smugness" were the product of discriminatory intent),

*aff'd*, 393 F. App'x 490 (9th Cir. 2010).

It is, however, subject to dismissal because he pleads only conclusions and insufficient claim-supporting facts (i.e., he merely generalizes that whites received a higher level of medical care than he, but pleads no supporting examples). *Deberry v. Davis*, 460 F. App'x 796, 801 (10th Cir. 2012) (allegation that inmate was treated differently than similarly situated prisoners was insufficient to withstand motion to dismiss equal-protection claim); *Johnson v. Paparozzi*, 219 F.Supp.2d 635, 643-44 (D.N.J. 2002) (finding that inmate failed to state an equal-protection claim where he alleged, without setting forth any supporting facts, that he had been denied parole because he was not a white inmate who was a friend or acquaintance of a member of the parole board or other official); *Jackson v. Hogan*, 446 N.E.2d 692, 694 (Mass. 1983) (conclusory allegations of racism without support are not actionable). Yet, Jones may have simply omitted supporting facts out of simple ignorance of what the law demands, so a re-plead opportunity is warranted here.

## II. CONCLUSION

Accordingly, the Court green-lights Jones' *Gamble* claim against

9

defendant Fogam. The Court *sua sponte* grants Jones leave to file, within 21 days after the date this Order is served, an amended complaint should he be able to plead enough facts to support his racial discrimination claim. *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426–27 (11th Cir. 2010). Otherwise, that claim will face dismissal. The Clerk is **DIRECTED** to forward a copy of this Order, the complaint, and the amended complaint to the Marshal so that he may serve defendant Fogam.

Meanwhile, Jones must pay his filing fee. His furnished account information shows that he has kept an average monthly deposit of $65.66 in his prison account during the past six months. Doc. 14. He therefore owes at $13.13 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this __28th__ day of August, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA