UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LESTER BERNARD JONES,         )<br>                               )<br>      Plaintiff,              )<br>                               )<br>v.                             )<br>                               )<br>DR. ERIC FOGAM, Medical        )<br>Director,                      )<br>                               )<br>      Defendant.              )   | Case No.  CV413-131 |

## ORDER

In its last order the Court reviewed plaintiff Lester Bernard Jones' amended 42 U.S.C. § 1983 complaint against his prison doctor, Eric Fogam, M.D. Doc. 10; reported as *Jones v. Fogam*, 2013 WL 4590406 (S.D. Ga. Aug. 28, 2013). There the Court screened his claims and green-lighted his medical needs claim, which was based on his claim that defendant Dr. Fogam refused to furnish him with a prosthetic leg. Doc. 10 at 7. Jones also claimed that the defendant denied him the leg because of his race. The Court found that claim to be legally deficient but gave Jones a chance to re-plead it. Doc. 10 at 8-9.

Jones has responded with an amended complaint and a motion for a

preliminary injunction (he wants his prosthetic leg *now*). Doc. 13-1. Fogam, meanwhile, has waived service (docs. 14 & 17) but moves for a "more definite statement." Doc. 15. He wants to know to which of Jones' filings he should respond, as Jones has loaded up the record with multiple, largely repetitive filings. *Id.* at 1-2.

In his latest amended complaint, Jones supplies factual details about similarly situated, white amputee inmates who have received prosthetics while Jones and another black inmate have not. Doc. 13-1 at 5-6. Applying the case law previously noted, doc. 10 at 8-9, the Court concludes that he has pled enough to warrant a response. Accordingly, the Court also green-lights Jones' race-discrimination claim.

Finally, the Court **GRANTS** defendant Fogam's definite-statement motion. Doc. 15. Within 30 days, Fogam shall file an Answer (and any dispositive motion he wants) to all of Jones' complaint filings, docs. 1, 9, 12 & 13-1, and also respond to his preliminary injunction motions. Docs. 3 & 13-1. As Fogam's counsel knows, this Court is obligated to construe a *pro se* plaintiff's pleadings liberally. *Mendenhall v. Blackmun*, 456 F. App'x 849, 851-52 (11th Cir. 2012). Jones has been irritatingly repetitious, but has sufficiently pled medical-needs and race-based claims,

and it is not an undue burden to thread through his filings, especially since repetition need only be read once.

To that end, the Court has already furnished Fogam with a running start -- its case law discussion in its last Order -- thus mitigating his task somewhat.  Jones, meanwhile, is reminded to serve Fogam with all future filings pursuant Fed. R. Civ. P. 5.

**SO ORDERED** this __21st__ day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA