UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| LESTER BERNARD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-131 |
| | ) | |
| DR. ERIC FOGAM, Medical Director, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In a prior order the Court reviewed plaintiff Lester Bernard Jones' amended 42 U.S.C. § 1983 complaint against his prison doctor, Eric Fogam, M.D. Doc. 10; reported at 2013 WL 4590406. It green-lighted his medical needs claim, which was based on his allegation that Fogam refused to furnish him with a prosthetic leg on, *inter alia*, economic grounds.[1] Doc. 10 at 7. Jones later claimed that Fogam also denied him

---

[1] In raw, unedited form, he pleads that:

> [b]efore I was arrested, I was fitted for a prosthetic leg, but after I was arrested and placed in County jail, they changed all my medication for mental illness and it cause me to gain a very large amount of weight and I was no longer able to ware the prosthetic I had, but the jail started the process to have me fitted for another leg, but I was transferred to Jackson State Prison, February, 2012 and then to Coastal State Prison, March, 2012. and that when I met with Dr.

the leg because of his race. Applying previously noted case law, *id.* at 8-9, the Court ruled that he had pled enough to warrant a response. Doc. 18 at 2. Fogam now moves to dismiss this case. Doc. 19.

## I. ANALYSIS

### A. Exhaustion

Invoking The Prison Litigation Reform Act of 1995 (PLRA), specifically the prison-grievance exhaustion requirement codified in 42 U.S.C. § 1997e(a), Fogam argues that Jones never raised his race-discrimination claim when he administratively grieved this dispute within his prison. Doc. 19-1 at 7-8. PLRA's exhaustion requirement means inmates must give prison authorities a chance to resolve their legal claims *before* resorting to the courts, and if not then the claim is barred. 42 U.S.C. § 1997e(a). "Congress now has mandated exhaustion in section

---

> Fogam and he promise me that he was going to help me with all my medical problem and get me another prosthetic leg, but after I had been here for about 90 days, *Dr. Fogam call me in and told me that my leg was amputated on the street, he was not going to help me get another and he don't care what type of medical problem I was having being in this wheelchair, he was not going to make the State pay for me to get another prosthetic because it's not their problem,* and now I'm getting pressure soar on my bottom and I'm suffering with diabetic and they are very painful.

Doc. 9 at 5 (emphasis added). Under the liberal pleading standards afforded *pro se* plaintiffs like Jones, Fogam conceded that Jones needs a prosthetic leg but refused to prescribe one solely on financial grounds because the need originated "on the street." This concession and proffered non-medical reason is, as discussed *infra*, pivotal.

2

1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998); *see also Booth v. Churner*, 532 U.S. 731, 121 (2001) (Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). Courts resolve factual issues on that score. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008); *Nino v. Warden, FCC Coleman-Low*, 2014 WL 298935 at *1 (M.D. Fla. Jan. 28, 2014). To that end,

> Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner v. Burnside*, 541 F.3d 1077, 1082–83 (11th Cir.2008), relying on *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Dixon v. United States*, 548 U.S. 1, 8, 126 S. Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) ("*Jones* does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to *Jones* have all put the burden of proof on defendants, to the extent that they addressed the issue.").

*Baxter v. Adam*, 750 F. Supp. 2d 1313, 1338 (N.D. Fla. 2010) (amputee case); 6 FED. PROC., L. ED. § 11:972 (Dec. 2013).

Fogam has met that burden. Doc. 19-2 ¶¶ 4-22 (affiant explaining

3

grievance procedure at Jones' prison); *id.* ¶¶ 22-28 (affirming that Jones never raised any race claim regarding Fogam's denial of his requested prosthetic leg); doc. 19-3 (prison's grievance policy); doc. 19-4 at 2 (Jones' grievance history); docs. 19-5, 19-6 & 19-7 (Jones' actual grievances). Jones has not rebutted it. Jones' race discrimination claim, then, must be dismissed without prejudice. *Bryant*, 530 F.3d at 1379; *Logue v. Chatham County Detention Center*, 152 F. App'x 781, 783 (11th Cir. 2005) (prisoner did not exhaust his equal protection claim when he followed grievance procedure without mentioning race).

## B. Failure to State a Claim

Fogam, sued in his individual and official capacity, doc. 12-1 at 2, next contends that Jones has failed to state a claim. Doc. 19-1 at 11-23. Turning to plaintiff's individual capacity claims first, the Court applies the Fed. R. Civ. P. 12(b)(6) standards,[2] plus long established substantive standards:

---

[2] *See Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

> Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To prevail on a claim of deliberate indifference, a plaintiff must show (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir.2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted). Alternatively, a plaintiff can establish a serious medical need by showing that a delay in treatment worsened his condition. *Id.*

*Baez v. Rogers*, 522 F. App'x 819, 820-21 (11th Cir. 2013); *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).[3]

A mere difference of opinion regarding the preferred course of medical treatment does not establish an Eighth Amendment violation. *Gillen v. D'Amico*, 237 F. App'x. 173, 174 (9th Cir. 2007) (difference of opinion between state inmate, whose leg had been amputated, and his treating physicians as to whether he needed a new prosthetic leg and the preferred course of treatment did not constitute deliberate indifference to

---

[3] Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Akhtar v. Mesa*, 2013 WL 1785893 at * 3 (E.D. Cal. Apr. 25, 2013); *Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain.").

inmate's serious medical need in violation of the Eighth Amendment); *Simpson v. Holder*, 200 F. App'x 836, 839-40 (11th Cir. 2006) (inmate's opinion that, despite his weight, he could be fitted for prosthesis after his leg was amputated was mere difference of opinion with prison officials and doctors, who concluded that inmate's weight prevented him from being fitted for prosthesis, and thus did not establish deliberate indifference to inmate's serious medical needs in violation of Eighth Amendment).

Jones thus must plead facts showing that he had an objectively serious medical need *and* that Fogam's "response to that need was poor enough to constitute an unnecessary and wanton infliction of pain," *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011), or risk of serious damage to future health. *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011); *Jackson v. Phillips*, 2013 WL 4647337 at * 1 (S.D. Ga. Aug. 29, 2013). So even if Jones was legally entitled to a prosthetic leg, he must still plead facts showing that Fogam was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that] he . . . dr[e]w the inference." *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (quotes and cite omitted); *Ransom v. City*

*of Camden, Ala.*, 2014 WL 99108 at *4 (S.D. Ala. Jan. 10, 2014).⁴

The Eleventh Circuit has "long held that deprivation of needed eyeglasses or prosthetic devices stated an Eighth Amendment violation because the unavailability of eyeglasses or prostheses may lead to 'severe harm.'" *Gilmore v. Hodges*, 738 F.3d 266, 274-75 (11th Cir. 2013); *see also Farrow*, 320 F.3d at 1243-44 ("In certain circumstances, the need for dental care [including dentures] combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm.").

In that regard, medical decisions based solely on cost containment or administrative efficiency will not shield prison officials from liability. *See, e.g., Elyea*, 631 F.3d at 861-62 (there was sufficient evidence to support jury's finding that protocol implemented by state prison's medical director for diagnosis and treatment of hepatitis C, under which treatment was categorically denied to inmates who had less than two years left on their sentence, indicated deliberate indifference to inmate's

---

⁴ *See also DeFreitas v. Montgomery County Corr.Facility*, 2012 WL 2920219 at *12 (E.D. Pa. Jul. 18, 2012) ("Paintiff does not show that the delay rose to a federal constitutional violation of deliberate indifference when the process for obtaining his prosthesis took only six (6) weeks after his initial medical request and the supplier of that prosthesis, not Defendants, delayed delivery by canceling previously scheduled fitting appointments.").

7

serious medical needs, even though inmate had not obtained treatment when he was not incarcerated, and may have engaged in other behaviors that put his liver health at risk, where inmate's enzyme levels were repeatedly twice normal over period of several years, federal guidelines counseled, at minimum, biopsy of liver and consideration for antiviral therapy, only rationale for using protocol for all inmates suffering from hepatitis C was administrative convenience, inmate could not afford treatment when he was not incarcerated, inmate displayed symptoms of severe liver disease, and treatment could have been completed before his term expired). And "[a] plaintiff may also establish deliberate indifference with evidence of treatment 'so cursory as to amount to no treatment at all.' *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)." *Smith v. Pearson*, 2011 WL 1430329 at * 2, 4 (S.D. Fla. Mar. 4, 2011) (claim stated for denial of dental care in "bleeding gums and loose teeth" case, where jail doctor informed inmate that "he could not clean his teeth until he was held at the . . . Jail for a period of one year. [The doctor] informed him that no prosthetic services were provided for detainees at the facility.").

In this area of law inmates often lose their case because they allege

facts showing knowledge that the need was a serious medical need but *not* deliberate indifference to that need. *See, e.g., Plant v. CMS*, 2013 WL 5274226 at * 7 (D. Idaho Sept. 18, 2013) (no deliberate indifference shown by prison doctor who spoke "with the outside prosthetic provider, update[ed] Plaintiff on the progress of his prosthetic replacement, schedule[ed] multiple x-rays of Plaintiff's foot/toe and conducting an analysis of Plaintiff's blood in order to determine if Plaintiff had gout or some other issue."); *Switzer v. Thomas*, 2013 WL 693090 * 5 (W.D. Va. Feb. 25, 2013) ("Switzer asserts only subjective, vague and largely implausible claims that his medical needs were not being attended-to in a manner he deemed to be appropriate. Even if it is assumed *arguendo* that he had a serious medical condition, Switzer's complaint presents no factual predicate to suggest that any defendant was subjectively reckless with regard to that condition."); *Kaufman v. Corizon Health, Inc.*, 2013 WL 1289313 at *14-15 (E.D. Mich. Feb. 22, 2013) (no deliberate indifference shown; "Plaintiff no doubt experienced considerable frustration that his prosthetic needs and requests were not being met as quickly and as perfectly as he would have wished. However, the record is equally clear that Plaintiff received frequent treatment -- including new

9

limbs, new liners (twice), and new sockets -- during the three-year period detailed in the complaint.").

Fogam underscores that last pleading requirement in striking at the very heart of Jones' case, insisting that plaintiff failed:

> to allege sufficient facts to demonstrate that the use of a wheelchair posed a "risk of serious harm' to him of which Dr. Fogam was aware – a requisite element of deliberate indifference. In particular, while Plaintiff alleges that he experiences severe pain in his lower back from the use of a wheelchair, he acknowledges that he has been provided medication to address his pain. (Doc. 9, p. 17) Although he contends that the pain medication he has received is not effective (*id.*), he does not contend that Dr. Fogam was aware of that fact or that he informed any other member of the medical staff. Nor does Plaintiff point to any other manner in which lower back pain for which he is receiving pain medication poses a risk of serious harm to him. Similarly, while Plaintiff contends that he suffers from hemorrhoids and buttock sores because of his wheel chair use and that they cause him pain and discomfort, he does not allege that those conditions have gone wholly untreated by the medical staff or otherwise pose a risk of serious harm.

Doc. 19-1 at 12-13.

These points, however, bespeak palliative, mitigational care, and avoid Jones' core issue, as clearly alleged (*see* note 1 *supra*): Whether, given Fogam's alleged concession that Jones has a serious medical need for a prosthetic leg, his economics-based denial crosses the line illuminated by *Gilmore*, 738 F.3d at 274-75 ("We have . . . long held that deprivation of needed eyeglasses or prosthetic devices stated an Eighth

10

Amendment violation because the unavailability of eyeglasses or prostheses may lead to 'severe harm.'"). This argument thus fails.

Fogam next contends that even if Jones needed a prosthetic leg -- hence, that it was *serious* medical need -- nevertheless Jones failed to plead that Fogam was sufficiently informed (i.e., by objective medical facts if not also by other doctors) of it to be found deliberately indifferent to it:

> Plaintiff's contention that, at some unidentified time, "other doctors" or "specialists" "recommended" that he be fitted for a prosthesis is also insufficient to demonstrate deliberate indifference on Dr. Fogam's part. Indeed, Plaintiff fails to allege when such "recommendation" was purportedly made, that the unidentified doctors determined that a prosthesis was medically necessary, that their opinions were part of Plaintiff's prison medical record, or that Dr. Fogam was otherwise made aware of the alleged recommendation. To the extent that Dr. Fogam was informed by Plaintiff that another doctor "recommended" a prosthesis, moreover, Plaintiff's allegations do not demonstrate that any decision by Dr. Fogam not to follow such a recommendation amounts to anything more than a difference of medical opinion.

Doc. 19-1 at 13-14.

But construing Jones' pro se complaint liberally, as the Court must when applying Rule 12(b)(6) standards, Jones alleges that Fogam *conceded* that need yet refused it on economic grounds (i.e., the State simply didn't want to spend the money on it). And cost ordinarily is no defense under long established Eighth Amendment precedent. *Elyea*,

11

631 F.3d at 863 ("Although administrative convenience and cost may be, in appropriate circumstances, permissible factors for correctional systems to consider in making treatment decisions, the Constitution is violated when they are considered to the exclusion of reasonable medical judgment about inmate health").

Nor, as in *Lamon v. Tilton*, 2013 WL 497630 at * 8-10 (E.D. Cal. Feb. 7, 2013) (failure to provide inmate orthotic shoes at worst evinced negligent, not deliberately indifferent conduct), can it be said that Fogam was merely negligent in his diagnosis. Jones unmistakably alleges that Fogam *himself* concluded that a prosthetic leg was medically necessary yet denied it on cost and other non-medical grounds (i.e., that plaintiff's need for it originated prior to his incarceration). Hence, Fogam cannot skirt plaintiff's deliberate indifference allegation here.

The economic "justification" point leads to another analytical tangent. Again, Jones is suing Fogam individually (hence, for money damages) but also in his official capacity (prospective injunctive relief -- he wants a prosthetic leg), which means that he wants the *State of Georgia* (its Department of Corrections), to pay for his prosthetic leg. That brings the Court to Fogam's next defense.

## C. Eleventh Amendment

Fogam moves to dismiss Jones' official capacity claim on Eleventh Amendment immunity grounds. Doc. 19-1 at 9-10. It's been said that "the Eleventh Amendment bars a § 1983 federal action against the State of Georgia, *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir.1992), whether for damages or *injunctive* relief, *Cory v. White*, 457 U.S. 85, 90–91, 102 S. Ct. 2325, 72 L.Ed.2d 694 (1982)." *Smith v. Dekalb County Jail*, 2014 WL 129509 at * 3 (N.D. Ga. Jan. 14, 2014) (emphasis added).

But the Eleventh Circuit has noted an exception: The Eleventh Amendment "does not bar monetary relief, including costs, ancillary to the prospective injunctive relief" necessary "to remedy violations of federal constitutional law." *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989). And here Jones is alleging that -- he has an acknowledged serious medical need and the State, acting through one of its prison doctors, simply does not want to spend the money to address it. Yet *Gilmore* gives it no choice. To remedy its violation of Jones's Eighth Amendment rights, this Court can order it to do so -- precisely what Jones seeks in his preliminary injunction motions. Fogam's dismissal motion, then, must

13

be denied on these grounds, too.

## D. Qualified Immunity

Against Jones's individual capacity, money damages claim[5] Fogam next contends (doc. 19-1 at 15-16) that he is qualifiedly immune for lack of "a clearly established statutory or constitutional right of which a reasonable person would have known." *Gilmore*, 738 F.3d at 269.[6] This argument has legs. According to the *Gilmore* panel, the Eleventh Circuit has "*long held* that deprivation of needed eyeglasses or prosthetic devices stated an Eighth Amendment violation because the unavailability of

---

[5] "[A] qualified immunity defense is not available when a plaintiff seeks prospective injunctive relief. . . ." *Gilmore*, 738 F.3d at 273; *see also Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011) ("Qualified immunity shields federal and state officials from money damages"); *Jackson v. Fromm*, 2014 WL 340564 at * 7 (N.D. Fla. Jan. 29, 2014).

[6] In *Gilmore*, two jail officers were held to be qualifiedly immune from a detainee's § 1983, money damages claim over their failure to provide him with hearing aid batteries:

> Because the significant hearing loss alleged by [detainee] Weinberg both is a serious medical need and could have been effectively treated with the use of hearing aids, we now hold that Weinberg stated a viable constitutional claim. An uncorrected, substantial inability to hear, much like an inability to see effectively without the aid of a corrective medical device, may place an inmate at risk of serious harm and substantially interfere with the inmate's ability to function in a penal environment. This holding, however, was not clearly established at the time of the alleged constitutional violations -- not by this Court, not by the Florida Supreme Court, nor finally by the United States Supreme Court. Thus, because the state of the law did not provide the officers with "fair warning" that their alleged conduct was unlawful, the officers are entitled to qualified immunity.

*Gilmore*, 738 F.3d at 269.

14

eyeglasses or prostheses may lead to 'severe harm.'" *Gilmore.* 738 F.3d at 274-75 (emphasis added). But the cases *Gilmore* cited do not support that broad-sweeping language, and so Fogam cannot be said to have been subjected to law *clearly established* enough to peel back his immunity.[7] Certainly *now* (post-*Gilmore*) the Fogams of the Georgia prison world may be said to be on such notice, but this case originated prior to that opinion,[8] so the same result reached in *Gilmore* must be applied here: sued individually, Fogam must be dismissed on qualified immunity grounds (but Jones' official capacity claim remains, making Fogam, at bottom, a

---

[7] *Gilmore* cited *Newman v. Alabama*, which spoke only generically about supplying medical needs to inmates system-wide, in a class action case, 503 F.2d 1320, 1331 (5th Cir.1974) (unavailability of eyeglasses and prosthetic devices, *inter alia*, in state penal system warranted findings of constitutional inadequacy under either the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment). Indeed, the *Gilmore* panel even noted that in *Newman* "[o]ur statements about eyeglasses and prostheses were brief, conclusory, and did not contain any context or specifics." *Gilmore*, 738 F.3d at 278. *Gilmore* then cited only one other case, *Farrow*, 320 F.3d at 1243-44 ("In *certain circumstances*, the need for dental care [including dentures] combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm.") (emphasis added). Finally, *Gilmore* itself reminds that there is no one-size-fits-all rule here, and that every case is medical-fact specific: "While vision and hearing impairments each can cause substantial harm, the nature of those harms and the capacity to discern them may not be the same. A finding that vision impairment may give rise to a serious medical need does not lead ineluctably to the same answer for hearing loss." *Gilmore*, 738 F.3d at 278. It even noted that there will be distinguishing permutations in hearing-defect cases. *Id.*

[8] *Gilmore* was decided *after* the initial screening order in this case, *see Jones v. Fogam*, 2013 WL 4590406 at * 4 (S.D. Ga. Aug. 28, 2013) (greenlighting claim based on assumption that the requested prosthetic leg constituted a serious medical need).

15

nominal defendant).

### E. Preliminary Injunction

Jones has repeatedly moved for a preliminary injunction[9] forcing the State to provide him with a prosthetic leg at State expense. Docs. 3 & 13; *see also* doc. 17-1 at 4-5. Opposing, Fogam argues that the medical evidence does not support this request. Doc. 21. He attests that he has seen Jones on several occasions (doc. 21-1 at 2) and that he saw him on December 5, 2013 -- long after Jones filed this case. *Id.* at 2. He opines

---

[9] As another court explained in a prison conditions case:

> The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to the plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir.1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir.1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

*Calloway v. Mason*, 2013 WL 5441974 at *5 (M.D. Ala. Sept. 27, 2013).

that "Jones is fully capable of ambulating without difficulty in his wheelchair and he has no medical need for a prosthetic leg." *Id.* at 4 ¶ 9. And all of Jones' other medical complaints have been successfully addressed. *Id.* at 4-6. Finally, his medical records reveal no "order or recommendation from a specialist or other medical professional that inmate Jones receive a prosthetic leg rather than use a wheelchair for mobility, and I am not aware of any such order or recommendation." *Id.* at 6 ¶ 18.

Rule 12(b) does not apply here, Fed. R. Civ. P. 65 does (hence, this Court is free to make "preliminary" factfindings from the record then before it, *Campbell Soup Co. v. Giles*, 47 F.3d 467, 472 (1st Cir. 1995)). So the Court is free to (and now does) consider Fogam's sworn showing on the merits and resolve them against Jones' factual showing. For that matter, Fogam's own (expert) medical opinion is unrebutted.[10] That, in

---

[10] Jones argues with Fogam's medical opinion in his response brief, doc. 23 at 5-6, but the Court cannot rely on a mere difference of (inmate vs. medical doctor) opinion to grant the relief Jones seeks: An order directing the State to order up a prosthetic leg and fit Jones with it. Though concededly unrealistic (Jones is an indigent inmate), Jones is free to adduce his own expert medical opinion in re-moving for injunctive relief to achieve that end. And both sides, in the meantime, are free to move for summary judgment on plaintiff's remaining claims here. Having already adduced an affidavit appropriate for use under Fed. R. Civ. P. 56, Fogam is free to re-use it for that purpose.

In the meantime, the Court's discovery-stay Order (doc. 22) is **VACATED** without

turn, shows that Jones has failed to demonstrate a substantial likelihood of success on the merits. Hence, his preliminary injunction motions are denied. Docs. 3 & 13.

## II. CONCLUSION

Accordingly, plaintiff Lester Bernard Jones' preliminary injunction motions (docs. 3 & 13) are **DENIED**. The district judge should **GRANT** in part defendant Dr. Eric Fogam's motion to dismiss (doc. 19) and **DISMISS WITH PREJUDICE** Jones' individual capacity claim, then **DISMISS WITHOUT PREJUDICE** his official capacity claim. The district judge should also **DISMISS WITHOUT PREJUDICE** (for lack of exhaustion) plaintiff's equal protection claim. Otherwise, the judge should **DENY** the remainder of Fogam's dismissal motion. Finally, the Court **VACATES** its Stay Order. Doc. 22; *see also* n. 10 *supra* (directions).

**SO REPORTED AND RECOMMENDED** this 10TH day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

prejudice to either party's right to again move for a stay pending disposition of a summary judgment motion. Absent such motion filed within 21 days of the date this Order is served, Fogam shall file an answer and submit a proposed, one-sided Fed. R. Civ. P. 26(f)(3) Scheduling Order to govern discovery. Jones may object if the proposal cannot reasonably accommodate his discovery needs, and the Court will make any required adjustments to it.