# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LESTER BERNARD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-131 |
| | ) | |
| DR. ERIC FOGAM, Medical Director, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In a prior order the Court preliminarily reviewed plaintiff Lester Bernard Jones' amended 42 U.S.C. § 1983 complaint against his prison doctor, Eric Fogam, M.D. Doc. 10; *reported* at 2013 WL 4590406. Jones alleged that he has a serious medical need -- he needs a prosthetic leg -- but Fogam simply did not want to spend taxpayer dollars to address it. The Court allowed that claim to proceed. Doc. 10 at 7. Jones later claimed that Fogam also denied him the leg because of his race. Upon Fogam's motion to dismiss, the Court dismissed that race claim plus plaintiff's individual capacity claim. Doc. 28, *reported at* 2014 WL 545404, *adopted*, doc. 38.

The Court ultimately ruled, however, that Jones retained an official capacity, injunctive relief claim for a prosthetic leg at the State's expense.[1] Hence, Fogam remains as a nominal defendant. *See, e.g., Blossom v. Dart*, ___ F. Supp. 2d ___, 2014 WL 4079356 at * 3 (N.D. Ill. Aug. 14, 2014) ("An official capacity suit is another way of pleading an action against an entity of which the officer is an agent.") (quotes, alteration and cite

---

[1] The Eleventh Circuit has "long held that deprivation of needed eyeglasses or prosthetic devices stated an Eighth Amendment violation because the unavailability of eyeglasses or prostheses may lead to 'severe harm.'" *Gilmore v. Hodges*, 738 F.3d 266, 274-75 (11th Cir. 2013). As the State notes, doc. 31 at 11-13, *Gimore*'s reach has not been fleshed out, but it did not say that inmates are entitled to the best medical care. In that regard, *see Roark v. Flanery*, 2014 WL 4447451 at * 3 (E.D.Tex. Sept. 9, 2014) ("The medical and dental care received by Roark may not have been the best money could buy, but it did not fall below the level of deliberate indifference to serious medical needs.").

Nevertheless, Jones has pled enough to survive Fogam's motion to dismiss, and since the nuanced variability of medical needs drives the viability of any given claim, factual development is needed here. *See, e.g., Meredith v. Corizon, Inc.*, 2014 WL 2612624 at *10 (D. Md. June 10, 2014) ("Medical records clearly demonstrate that Meredith was provided ongoing medical care, including tests, referrals to specialists, therapy, medications, and monitoring, in an effort to control his diabetes and ameliorate the damage caused by that invidious disease. Unfortunately, all efforts failed, resulting in amputation. The resulting stump did not heal and despite repeated medical intervention, additional amputation proved necessary. The failure to heal further impeded efforts to fit Meredith with a prosthesis, and resulted in his remaining wheelchair-bound. None of these consequences, however unfortunate, occurred as a result of civil rights violations inflicted by the named Defendants or other medical care providers."); *Kidwell v. Oklahoma Dept. of Corr.*, 2014 WL 21716472014 WL 2171647 at * 11 (N.D. Okla. May 23, 2014) ("Federal courts have found that denial of dentures can rise to a serious medical need in combination with certain other symptoms."); *see also id.* (collecting cases); *Stone v. Peacock*, 2014 WL 172256 at * 6 (S.D. Ga. Jan. 15, 2014) (denying qualified immunity where plaintiff alleged prolonged delay in dentures, during which time he suffered severe pain, infections, stomach problems, and weight loss); *Mead v. Palmer*, 2014 WL 794565 at *8 (N.D. Iowa Feb. 27, 2014).

2

omitted). The Eleventh Amendment, it must be recalled, "does not bar monetary relief, including costs, ancillary to the *prospective* injunctive relief necessary" to remedy violations of federal constitutional law. *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (emphasis added).

Of course, the Court has ruled on the existence of a claim based on Jones' *allegations*. Facts must now be developed to support it. *See supra* n. 1. Jones thus must litigate this case (undertake any needed discovery, press for final adjudication of his claim).

## I. INSTRUCTIONS FOR THE PLAINTIFF

Consistent with his litigation burden, plaintiff shall serve upon defendant's attorney a copy of every further pleading or other document submitted for consideration by the Court. Jones shall include with any original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant's counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1.

To reiterate, Jones is responsible for moving his case along. So if, for example, he wishes to obtain facts and information about this case from the defendant, he must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery. In fact, he must commence discovery *now*. Normally, Rule 26(f) imposes upon the plaintiff a duty to confer with opposing counsel to develop a plan of discovery and do so before seeking discovery from any source. *See* Fed. R. Civ. P. 26(d), (f). Given Jones' imprisonment, the Court will waive that requirement, but he must cooperate with defense counsel in arranging for and exchanging any discovery.

In that regard, interrogatories and requests for the production of documents provide a practical method of discovery for *pro se* litigants. Fed. R. Civ. P. 33, 34. Such may be served only upon a party to the litigation; for the purposes of the instant case, this means that interrogatories should not be directed to anyone other than Fogam.

Interrogatories and requests for production *shall not be filed with the court.* Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to propound more than twenty-five interrogatories to a party, he must obtain the Court's permission. *Id.* In a request for production, plaintiff may request that Fogam produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1). Defense counsel shall arrange a reasonable manner for Jones, given his incarceration, to receive discovery product. *Id.*

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact defense counsel try to work out the problem; if the problem cannot be resolved, he must file a statement certifying that opposing counsel has been contacted in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). Jones has the responsibility for maintaining his own records of the case. If he loses papers and needs new copies, he may obtain them online via PACER or from the Clerk of Court at the standard cost of fifty

cents ($.50) per page.

It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject Jones to severe sanctions, *including dismissal of his case.* Should Fogam endeavor to take plaintiff's deposition, plaintiff shall permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

## II. ADDITIONAL INSTRUCTIONS TO THE PLAINTIFF

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Jones fails to respond to a renewed motion to dismiss, the Court will assume that he does not oppose it.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Local Rules 7.5 & 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in

Fogam's statement of material facts will, if evidentially supported, be deemed admitted unless specifically controverted by an opposing statement. Should defendant file a motion for summary judgment, Jones is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be met by reliance upon conclusory allegations contained within the complaint. Should Fogam's motion for summary judgment be supported by affidavit(s), Jones must file counter-affidavits if he desires to contest defendant's statement of the facts, if the facts are evidentially supported. Should plaintiff fail to file opposing affidavits setting forth specific facts showing that there is no genuine issue for trial, the consequences are these: any factual assertions made in defendant's affidavits will be accepted as true and summary judgment may be entered against him pursuant to Fed. R. Civ. P. 56.

Finally, Jones has four months from the date this Order is served to complete any discovery he wishes to undertake, after which he may either move for summary judgment or request a jury trial plus any ancillary relief (*e.g.*, file a motion *in limine*). Any failure to comply with these instructions will subject him to dismissal of his case for want of

prosecution. Fed. R. Civ. P. 41; Local Rule 41.1. Meanwhile, nothing prevents Fogam from adducing affidavit or other evidence and moving for summary judgment whenever he sees fit. Jones is free to invoke Fed. R. Civ. P. 56(d) in response.

**SO ORDERED** this 7th day of October, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA